ROGERS, Justice.
 

 The state of Louisiana, acting through its Supervisor of Public Accounts, brought suit against the Southern Mercantile Gompany, a commercial partnership, for the forfeiture and sale of a certain lot of cigarettes and smoking tobacco of a value less than $50. Plaintiff alleged that the merchandise seized was subject to the stamp tax imposed by Act No. 4 of 1932, and that the tax, amounting to $10.32, had not been paid thereon. Defendant answered, and after a trial of the issues presented the court below dismissed the proceeding, annulled the seizure, and ordered the merchandise returned to the defendant. The case was brought here on certiorari.
 

 On the trial of the ease, the following facts were established, viz.: That defendant operates a small grocery store and meat market on Seventieth street, Cedar Grove, a suburb of-the city of Shreveport. In February, 1934, defendant ordered from the Reynolds Tobacco Company, of Winston-Salem, N. C., 150 packages of cigarettes and 144 cans of smoking tobacco. On March 19, 1934, at about 4:30 o’clock in the afternoon, the merchandise was delivered at defendant’s place of business, through Kern, Inc., a jobber of Shreveport.
 

 The two boxes containing the merchandise were placed on the floor in the front part of defendant’s store. At about 2 o’clock in the afternoon .of March 20, 1934, which was the following day, an agent of the Supervisor of Public Accounts called at defendant’s place of business, saw the original packages containing the merchandise on the floor of the store where they had been placed by the delivery boy, and seized them for the nonpayment of the cigarette and tobacco tax. The supervis- or’s- agent carried away the seized merchandise, giving defendant a receipt therefor.
 

 Defendant’s place of business in Cedar Grove is approximately six miles distant from the local office of the Supervisor of Public Accounts in Shreveport. The supervisor’s office closes for business purposes .at 5 o’clock p. m. daily. Defendant's store is operated by one of the owners assisted by a single employee. The time elapsing between the delivery of the merchandise and the closing of the supervisor’s office on March 19, 1930, was too short for the defendant to obtain the necessary stamps on that; day. On March 20, 1930, the defendant’s sole employee was engaged during the forenoon in his customary duties of delivering groceries and taking orders. In his absence, the part owner operating the business was unable to leave the store in order to get the stamps, but it was his intention after lunch that afternoon to go to Shreveport, obtain the necessary stamps, return to the store, break the packages, attach the stamps, and place the goods in stock for sale. These facts were explained to the supervisor’s agent at the time he made the seizure, but the agent insisted that defendant pay double the amount of the tax as a penalty, which defendant refused to do.
 

 The respondent judge, in dismissing the proceeding, held that defendant was entitled to 'a reasonable time within which to procure
 
 *758
 
 and affix the necessary stamps, and that under the circumstances of this particular case the delay was not unreasonable.
 

 Act No. 4 of 1932 levies a tax on sales of cigars, cigarettes, and smoking tobacco. Section 7 of the statute provides that every retail dealer in such articles shall affix and cancel the stamps necessary to represent the tax on each individual package, “the same to be done, in all cases, immediately upon receipt by the retail dealer of the unstamped taxable articles.”
 

 The sole question presented for consideration and argued in the briefs of counsel is as to the construction to be placed upon the word “immediately” as used in the statute.
 

 Counsel for the plaintiff contend for a literal construction, and argue that the word means instantly, without delay, and without turning aside to other things. On the other hand, counsel for the defendant contend for a liberal construction, and argue that the word means within a reasonable time, as early as practicable, and without unnecessary delay.
 

 The word “immediately,” generally speaking, is an elastic and relative term, admitting of much variety of definition. It is an adverb, and, as such, may be used to signify the relation of cause and effect or causation, the absence of time between two events, or place ■or space. Like similar absolute expressions, it is used with less strictness than the literal meaning requires, is much subject to the context, to its grammatical and other connections. 31 C. J. § 1, par. A, p. 247.
 

 Although the word in strictness excludes all mesne time, when applied to time it is a word of no very definite signification, and is rarely employed to designate an exact portion of time. It may not in legal contemplation exclude all mesne time, and has often been construed as soon as an act can with reasonable diligence be performed; as soon as practicable under the circumstances; in as reasonably prompt time as the circumstances of the particular case admit of; within a reasonable time under all the facts and circumstances of the case. 31 O. J. § 4, subsec. 2, par. 6, pp. 249, 250.
 

 We think the word “immediately” must be given a reasonable construction. It is not used in the. statute according to its ordinary import, as instantly or without any intervening time, but rather, as it is usually employed in contracts and statutes, as soon as practicable or within a reasonable time. The statute, itself, indicates that this is the proper construction to be placed upon the word, because in paragraph 2 of section 7 it specifically provides for any case where the taxable articles may be found in the place of business of a retail dealer without the necessary stamps thereto affixed and canceled. In such a case the statute expressly declares that the absence from the articles of the canceled stamps shall create the prima facie presumption that the dealer is keeping the articles in violation of the provisions of the act. ,The statute does not declare that the absence from the taxable articles of the canceled stamps shall ipso facto render the possessor of the articles guilty of violating its provisions. It merely declares that he shall be presumptively guilty of such violation. But the presumption is necessarily rebuttable. If the dealer is able to offer a satisfactory explanation for his failure to affix and cancel the stamps as re
 
 *760
 
 quired by the statute, he may overcome the presumption of guilt created by the act. Each case of alleged violation of the law must be determined by its own peculiar facts and circumstances.
 

 Counsel for the appellant cite Folger v. Roos, 40 La. Ann. 602, 4 So. 457, as supporting their construction of the word “immediately” as used in the statute .under review.
 

 It is true, the court, in the cited case, stated that the word meant instantly, without "delay. But the statement was made in connection with a discussion of article 63 of the Code of Practice, which authorizes a creditor holding a title importing a confession of judgment to cause the property to be seized immediately and sold for the payment of the debt. The point in controversy was whether a sale made under executory process was a nullity, the order for the executory process having been signed during vacation. The court held that the word “immediately” as used in the codal article must have its effect, and meant that the property might be seized and sold at any time, whether within or without term. We do not think the decision is. controlling here. There is nothing in the cited ease which detracts from the well-recognized rule of statutory construction, that the word “immediately” has no very definite signification, and is much subject to the context, to its grammatical and other connections.
 

 The record shows that it was impracticable for the defendant, between the time the merchandise was received and the time it was seized, to obtain and affix the stamps required by law. Defendant was entitled to a reasonable time within which to meet the requirements of the statute.. Under the facts and circumstances as disclosed by the record, the delay elapsing between the receipt of the merchandise and its seizure was not unreasonable. The seizure of defendant’s merchandise deprived defendant of the opportunity of obtaining the necessary stamps and attaching them to the seized' articles. Defendant cannot be held for violating the provisions of a law which the action of an officer charged with their enforcement made it impossible for defendant to comply with.
 

 For the reasons assigned, the judgment herein under review is affirmed.