EASTERN DIS.
August, 1832.

LEE
vs.
DEARMOND
ET AL.

---

### LEE *vs.* DEARMOND ET AL.

APPEAL FROM THE COURT OF THE THIRD DISTRICT.

The title of a holder of a note, whether transferred by blank endorsement or by delivery, when the instrument is payable to bearer, is in both instances a matter *in pays*, if unsupported by authentic evidence, and the holder without the aid of such evidence, cannot legally proceed in the *via executiva* on a mortgage given to secure payment.

The facts are stated in the opinion of the court, delivered by MATHEWS, J.

One of the defendants in this case, having obtained an order of seizure and sale of certain property, on which he alleged the plaintiff had given a mortgage, the latter applied to the judge *a quo* by petition, and obtained an injunction to stay the proceedings, which had been commenced in the *via executiva.* This injunction was afterwards dissolved by the court below, and the plaintiff appealed.

EASTERN DIS.
August, 1832.

LEE
vs.
DEARMOND
ET AL.

The plaintiff in the original proceeding, who is here appellee, claimed the right to have executory process on a mortgage given by the appellant on certain real property therein described, to secure the payment of four hundred dollars to Susan Boswick, which debt was evidenced by notes of hand made by him, payable to said Susan or bearer, and were paragraphed by the notary public, before whom the mortgage was executed, in the usual mode, &c. The plaintiff in the original action, alleged that the notes, to secure the payment of which the hypothecation was made, were regularly transferred to him, and claimed a right to exercise the privilege of the mortgager, as having acquired full and complete title to all the benefits and privileges appertaining to the mortgage, as an accessary to the principal debt, which had been regularly transferred to him, by delivery of the notes.

The legality of the executory proceeding attempted by the holder of these notes, is opposed on the ground, that the transfer of the claim to the present holder, either in relation to the principal debt or its accessary, is not evidenced by an authentic act, and consequently is a matter *en pays,* the truth of which should be established contradictorily between the parties.

The principle thus relied on by the appellant, has been recognized as just and legal, by several decisions of this court, in relation to notes transferred by endorsement. See §7*th*, *p.* 273, and 10 *Mart.* 222. The counsel for the appellees, however, attempts to show a distinction between a note made payable to bearer, and one that passes only by endorsement. It is true that the former is transferable by simple delivery, the latter requires the name of the payee to appear by

EASTERN DIS.
*August*, 1832.

LEE
*vs.*
DEARMOND,
ET AL.

endorsement; but when such endorsement is made in blank, it passes from one holder to another in the same manner as the former.

Should it be admitted that possession of a note made payable to bearer, is *prima facie* evidence of property, still the promisor has a right to dispute the fairness, honesty, and legality of the manner in which such possession was obtained; and an allegation of fraud in the acquisition of the evidence of the debt, would raise a question of fact, which could not be tried by a judge at chambers, where orders of seizure and sale are generally granted.  The title of the holder of a note, whether transferred by blank endorsement or by delivery, when the instrument is payable to bearer, appears to us, in both instances, to be properly a matter *en pays*, if unsupported by authentic evidence, and the holder without the aid of such evidence, cannot legally proceed in the *via executiva* on a mortgage, given to secure payment.

It is further contended on the part of the appellees, that the decisions which establish the doctrines as above stated, are based on the Spanish laws, and that these laws being repealed by an act of the legislature passed in 1828, decisions made in conformity with them, cannot now be considered as properly declaratory of legal rules.

Whether the former laws of the country were or were not repealed by this act, we deem it unnecessary to inquire in the present case, for no positive declaration of legislative will, has been adduced to contravene the doctrine taught by these decisions, and we believe it to be entirely consistent with principles of justice and equity.

It is, therefore, ordered, adjudged, and decreed, that the judgement of the District Court be avoided, reversed, and annulled: And it is further ordered, adjudged, and decreed, that the injunction heretofore granted, be reinstated and made perpetual, reserving to the original plaintiff, Dearmond, his right to pursue the defendant and plaintiff in injunction in the *via ordinaria*; the appellee to pay costs in both courts.