## LOUIS MATHE *v.* GEORGE McCRYSTAL.

An appeal lies from an order of seizure and sale based upon an authentic act importing a confession of judgment.

A note was executed by M. to his own order, and by him endorsed in blank, secured by mortgage in favor of C., *or any holder* of the note. *By the Court:* There was no matter *in pais* to be proved. The execution of the note, its endorsement in blank, and the act of mortgage, importing a confession of judgment in favor of the holder of the note, were all proved by authentic evidence. The exhibition of the note and mortgage by the plaintiff, identified him as the holder, who, by the terms of the contract, was entitled to the order of seizure and sale.

C. P., 733, 734.

APPEAL from the Fifth District Court of New Orleans, *Augustin*, J. *Legardeur*, for plaintiff. *Dunlap*, for defendant and appellant.

SPOFFORD, J. (MERRICK, C. J., absent.) This is an appeal from an order of seizure and sale.

The appellee contends that no appeal lies from such an order based upon an authentic act of mortgage, importing a confession of judgment.

The point is not a novel one, and the practice of allowing appeals in such cases, is now too well settled to be disturbed. *Harrod* v. *Voorhies*, 16 L. R., 254; *McDonogh* v. *Fort*, 14 L. R., 350, and the cases there cited.

The appellant contends that the plaintiff alleges a novation of the debt by the execution of a new note of which there is no authentic evidence.

We do not find any allegation of novation. On the contrary, the proceeding is based upon the original note duly identified with the act of mortgage, and, instead of a novation, nothing but a prolongation of the term is alleged, and a release of a portion of the interest. These judicial admissions are all favorable to the appellant, and as he has had the full benefit of them in the order appealed from, he complains of it with bad grace.

The only question is, was there sufficient authentic evidence to justify a resort to the executory process? The note was executed by *McCrystal* to his own order and by him endorsed in blank, all which is shown by authentic evidence. The note thus became payable to bearer. The act of mortgage was executed by *McCrystal* in favor of one *Clay*, or any holder of the aforesaid note, which the mortgage was intented to secure, and which was identified therewith.

The holder of the note could do no more than exhibit the note and a copy of the act of mortgage given to secure the holder. This has been done, and

we are of opinion that it was a sufficient compliance with Articles 733 and 734 <span style="float:right">HERMANN<br>*v.*</span>
of the Code of Practice, for the plaintiff was "in possession of the act." There CARROLLTON R.R.
was no matter *in pais* to be proved. The execution of the note, its endorse-
ment in blank, and the act of mortgage importing a confession of judgment in
favor of the holder of the note, were all proved by authentic evidence. The
exhibition of the note and mortgage by the plaintiff, identified him as the hold-
er who, by the terms of the contract, was entitled to the order of seizure and
sale.

There are some remarks in the case of *Lea* v. *Dearmond,* 4 L., 321, and per-
haps elsewhere, which would appear to be inconsistent with the doctrine we
here lay down. The former case is not parallel in all its circumstances; but
so far as its decision conflicts with this, it must be considered as overruled.

The summary process awarded by the Code of Practice upon securities of
this class, greatly enhances their value, and we are not disposed to throw any
unnecessary impediment in the way of their free circulation in a commercial
city.

Moreover, we think the doctrine we have announced was impliedly recog-
nized in the case of the *Commercial Bank* v. *Poland,* 6 An., 477.

The judgment is therefore affirmed, with costs.