## NOLEN v. DAVIDSON'S SUCCESSION.
### No. 5933.

Court of Appeal of Louisiana.
Second Circuit.
June 28, 1939.

Goff & Goff, of Arcadia, for appellant.
Meadors & Gensler, of Homer, for appellee.

HAMITER, Judge.

Suspensive appeals from orders of executory process were perfected by the Succession of L. M. Davidson, represented by C. O. Davidson, in three suits instituted against it by J. S. Nolen. In view of the similarity of issues involved, the causes have been consolidated by agreement of counsel for the purpose of consideration here. A discussion of all of them will be attempted in this opinion; however, separate decrees will be entered.

In the proceedings plaintiff seeks the foreclosure of a crop lien, a mortgage and a chattel mortgage allegedly granted by L. M. Davidson to secure three promissory notes signed by the latter and held and owned by plaintiff.

This suit is on a note for $200, dated April 4, 1938, due November 1, 1938, and secured by a crop lien on certain crops of the year 1938.

Cause No. 5934, on the docket of this court, 190 So. 829, involves a note in the principal amount of $400, dated April 28, 1937, due October 1, 1937, and secured by

a mortgage on various tracts of land situated in Claiborne Parish, Louisiana.

Suit No. 5935, on the docket of this court, 190 So. 829, is on a note for the sum of $400, dated April 28, 1937, due October 1, 1937, and secured by a chattel mortgage on four mules.

Each of the notes is payable to C. V. Palmer or bearer, and is paraphed ne varietur to identify it with the appropriate act of security. Each such act was passed before a notary public and two witnesses, recites that the attending note is payable to C. V. Palmer or bearer and stipulates the security in favor of the said C. V. Palmer or any future holder of the note.

Attached to the several petitions, in which plaintiff prays for executory process, are the respective notes and certified copies of the accessory obligations.

By reason of the death of said debtor, L. M. Davidson, and of his property undergoing the process of administration, his succession, through the administrator thereof, is proceeded against under the authority of Code of Practice, article 734.

█ It is well established in the jurisprudence of this state that a creditor who is foreclosing by executory process must bring himself and his action within the strict requirements of the law. Fortier v. Burthe, 19 La.Ann. 510; Bank of Leesville et al. v. Wingate, 123 La. 386, 48 So. 1005.

Article 732 of the Code of Practice authorizes executory process, "when the creditor's right arises from an act importing a confession of judgment, and which contains a privilege or mortgage in his favor." According to Code of Practice article 733, "An act is said to import a confession of judgment in matters of privilege and mortgage, when it is passed before a notary public, or other officer fulfilling the same functions, in the presence of two witnesses, and the debtor has declared or acknowledged the debt for which he gives the privilege or mortgage."

█ The acts of security under consideration import confessions of judgment and stipulate privileges in favor of any holder of the notes. They were executed by the obligor before a notary public in the presence of two witnesses, and therein he acknowledged the obligations to which such privileges related.

Appellant's counsel call attention to the settled principle of law that the issuance of a writ of seizure and sale under executory process must be supported by authentic evidence exclusively, and suggest a failure in that respect in the pending proceedings. Specifically, they urge that the district court did not have before it when the writs issued authentic evidence of a transfer of the notes. In their brief it is stated, "Each note is made payable to C. V. Palmer or bearer. Each mortgage is also made to and in favor of C. V. Palmer. Neither of the notes is endorsed. Neither of the mortgages is transferred to the plaintiff in any way so far as the record shows, certainly by no authentic act evidencing such transfer."

█ The notes possessed by plaintiff and filed with the petitions were, legally speaking, bearer notes. Section 9 of Act No. 64 of 1904 lists the several instances when an instrument is to be deemed payable to bearer. Among these are: when it is expressed to be so payable; or when it is payable to a person named therein or bearer; or when the only or last endorsement is an endorsement in blank. As the notes in question were payable to bearer, they were negotiable by mere delivery. No endorsement thereof was needed. Furthermore, they were accurately and fully described in the acts of security, which acts were executed in favor of any future holder of the notes, imported confessions of judgment, and were authentic in form. When the notes, or the principal obligations, were transferred by delivery, the securities, which were accessories thereto, followed them. The required authentic evidence was present and, in our opinion, plaintiff was entitled to resort to executory process.

Authority for our holding herein is found in Louis Mathe v. George McCrystal, 11 La.Ann. 4. The opinion of the Supreme Court in that early case states:

"The only question is, was there sufficient authentic evidence to justify a resort to the executory process? The note was executed by McCrystal to his own order and by him endorsed in blank, all of which is shown by authentic evidence. The note thus became payable to bearer. The act of mortgage was executed by McCrystal in favor of one Clay, or any holder of the aforesaid note, which the mortgage was intended to secure, and which was identified therewith.

"The holder of the note could do no more than exhibit the note and a copy

of the act of mortgage given to secure the holder.

"This has been done, and we are of opinion that it was a sufficient compliance with Articles 733 and 734 of the Code of Practice, for the plaintiff was 'in possession of the act.' There was no matter in pais to be proved. The execution of the note, its endorsement in blank, and the act of mortgage importing a confession of judgment in favor of the holder of the note, were all proved by authentic evidence. The exhibition of the note and mortgage by the plaintiff, identified him as the holder who, by the terms of the contract, was entitled to the order of seizure and sale."

Further support is found in the following expression in Franek v. Brewster, 141 La. 1031, 1046, 76 So. 187, 192:

"There would have been no merit in the contention of the administratrix of the succession of Joseph Franek that the executory proceedings should not have issued without authentic evidence of the pledge of the note to the Interstate Trust & Banking Company, and authentic evidence that a demand for payment had been made, even if that contention had been made by appeal from the order of seizure and sale. * * * The fact that the note was made payable to the order of its maker and indorsed by him, and that the note was therefore negotiable by mere delivery, was declared in the authentic act of mortgage; hence possession of the note was authority to institute executory proceedings to collect it."

Appellant's counsel rely on Lee v. Dearmond et al., 4 La. 320, and particularly the following quotation found in the opinion of that case:

"The title of the holder of a note, whether transferred by blank endorsement or by delivery, when the instrument is payable to bearer, appears to us, in both instances, to be properly a matter en pays, if unsupported by authentic evidence, and the holder without the aid of such evidence, cannot legally proceed in the via executiva on a mortgage, given to secure payment."

Also, they cite the cases of Tufts, Fermor & Co. v. Beard, 9 La.Ann. 310; Fowler's Heirs v. Beatty, 10 La.Ann. 275; Burns v. Naughton, 24 La.Ann. 476; and Miller v. Cappel, 36 La.Ann. 264.

The Supreme Court followed and cited Lee v. Dearmond, supra, in the said Tufts, Fermor & Co. and Fowler cases; but repudiated such decision in Mathe v. McCrystal, supra, after giving utterance to the principles above quoted, in the following language: "There are some remarks in the case of Lee v. Dearmond, 4 La. [320], 321, and perhaps elsewhere, which would appear to be inconsistent with the doctrine we here lay down. The former case is not parallel in all its circumstances; but so far as its decision conflicts with this, it must be considered as overruled." The phrase, "and perhaps elsewhere", obviously refers to those decisions that followed the Lee case.

The exact status of the note involved in Burns v. Naughton does not clearly appear. Evidently it was not of the bearer type and so described in the act of mortgage, as in the instant controversy. The Mathe case is cited approvingly in the opinion.

Executory process was disallowed in the Miller case, supra, because there was no authentic evidence of the payee's endorsement of the note. In distinguishing Mathe v. McCrystal, supra, and speaking approvingly of it, the court said:

"But we are at a loss to conceive what relief they can expect from that decision, which is one of the leading cases in support of the views which we here announce. The notarial act recites that McCrystal executed the note to his own order and endorsed it in blank. Hence there was authentic evidence of the endorsement or transfer, under which the note became payable to bearer."

■ Appellee has answered the appeal asking for damages under the authority of Code of Practice, article 907. Even if the provisions of such article are applicable to a frivolous appeal taken from an order of executory process, which question we do not pass on or determine, it is not manifest that this court's consideration of the cases was asked merely for the purpose of delay or that appellant's contention was insincerely urged. Consequently, no damages will be imposed. Silberberg v. Kalil & Mickal, 159 La. 560, 105 So. 620.

The order of executory process issued herein is therefore approved and affirmed. Appellant shall pay the costs of this appeal.