56 So.2d 432 (1952)
GENERAL CONTRACT PURCHASE CORP.
v.
DOYLE et al.
No. 19794.
Court of Appeal of Louisiana, Orleans.
February 4, 1952.
Rehearing Denied March 3, 1952.
*433 Gatlin & Hill, New Orleans, for William W. Wilson, Jr., appellant.
John F. Connolly, New Orleans, for plaintiff and appellee.
McBRIDE, Judge.
Defendant, William W. Wilson, Jr., has taken this suspensive appeal from an order of seizure and sale under which a certain Chevrolet tudor sedan was seized from him by the Civil Sheriff for the Parish of Orleans. The writ was issued at the instance of plaintiff, the holder and owner for valuable consideration of a certain promissory note made and subscribed by one Walter Doyle, upon which there is a matured balance of $772.20, with interest and attorney's fees, and which is secured by a chattel mortgage on the automobile in question. The note declared upon, which is paraphed "Ne Varietur" for identity with the chattel mortgage, together with a certified copy of the mortgage, is annexed to and made part of the petition. Walter Doyle purchased the automobile on December 15, 1949, and gave the note, which represents the deferred portion of the purchase price, to Dutch O'Neal Motors, his vendor, and granted a chattel mortgage on the vehicle in favor of the holder of the note to secure payment thereof.
There is a discrepancy between the allegations of the petition and the recitals of the note, as to whom the note is payable.
The petition alleges that the note is payable to the order of Dutch O'Neal Motors, but the note itself and the act of mortgage stipulate that it is payable to the order of Dutch O'Neal Motors "or bearer." On the reverse, the note is endorsed: "Without recourse, Dutch O'Neal Motors by L. P. Roberts."
The recitals of the note must govern, for under the familiar rule of law, where there is a variance between the recitals of the petition and a document made part thereof, the latter controls.
Appellant devotes his entire brief to the complaint that the order of seizure and sale was issued without sufficient evidence to justify a resort to executory process, in that there was no authentic evidence furnished as to the endorsement of Dutch O'Neal Motors by which the note was transferred to plaintiff. Our attention is directed to two cases wherein the order of seizure and sale was annulled and set aside on appeal because there was a lack of authentic evidence showing the transfer of the note by the payee or endorser, viz., Miller, Lyon & Co. v. Cappel and Curry, 36 La.Ann. 264; Brock, State Bank Commissioner, v. Messina, La.App., 200 So. 511. However, unlike the note in the instant case, which is payable to a particular payee "or bearer," the notes with which the courts were concerned in the cited cases were payable to the order of a particular payee only, and by him endorsed in blank.
The jurisprudence of Louisiana is well settled that a creditor proceeding by executory process must bring himself and his action squarely within the strict requirements of the law. Fortier v. Burthe, 19 La.Ann. 510; Bank of Leesville v. Wingate, 123 La. 386, 48 So. 1005; Nolen v. Davidson's Succession, La.App., 190 So. 826.
Executory process is authorized under article 732 of the Code of Practice when the rights of a creditor arise from an act importing a confession of judgment, and which contains a privilege or mortgage in his favor. Article 733 of the Code of Practice recites: "An act is said to import *434 a confession of judgment in matters of privilege and mortgage, when it is passed before a notary public, or other officer fulfilling the same functions, in the presence of two witnesses, and the obligor declares and acknowledges therein the obligation (whether then existing or thereafter to arise) to which the privilege or mortgage relates."
Every muniment of title to the note and mortgage, and every link of evidence, must be in the authentic form when executory process is sought. In such procedure, the court can entertain no matter in pais. Miller, Lyon & Co. v. Cappel and Curry, supra.
The act of chattel mortgage is by authentic act, and recites that the note is drawn to the order of Dutch O'Neal Motors or bearer, and in order to secure the full and punctual payment thereof at maturity, together with interest and attorney's fees, Doyle specially mortgaged and hypothecated the automobile to and in favor of any future holder of the note, and confessed judgment for the full amount of the note.
Appellee's counsel contends that notwithstanding that the note in question is payable to Dutch O'Neal Motors or bearer, it is, under the provisions of the law, payable to bearer and transferable by delivery, and that the endorsement is surplusage and should be ignored by the court, and no authentic evidence as to the verity of the endorsement of Dutch O'Neal Motors was necessary. In support of his position that plaintiff, irrespective of the endorsement, is entitled to proceed by way of executory process against the mortgaged automobile, counsel points to the case of Nolen v. Davidson's Succession, supra [La. App., 190 So. 827]. In that case the notes, which were payable to C. V. Palmer or bearer, and paraphed "Ne Varietur" to identify them with the acts of mortgage, contained no endorsement, and the defense was that the issuance of the order of seizure and sale under executory process was not supported by authentic evidence exclusively. It was specifically urged that the district court did not have before it, when the writ issued, authentic evidence of a transfer of the notes. In maintaining the writ of seizure and sale, the court said: "* * * As the notes in question were payable to bearer, they were negotiable by mere delivery. No endorsement thereof was needed. Furthermore, they were accurately and fully described in the acts of security, which acts were executed in favor of any future holder of the notes, imported confessions of judgment, and were authentic in form. When the notes, or the principal obligations, were transferred by the delivery, the securities, which were accessories thereto, followed them. The required authentic evidence was present and, in our opinion, plaintiff was entitled to resort to executory process."
Realizing the effect of Nolen v. Davidson's Succession, appellant's counsel verbally argue that whereas the note is endorsed by Dutch O'Neal Motors the plaintiff acquired title to the note only by virtue of that endorsement, which made it encumbent upon plaintiff to produce authentic proof showing the transfer of the note. Counsel attempt to distinguish the present case from the Nolen case, wherein the notes bore no endorsement.
We believe that the holding in Nolen v. Davidson's Succession is sound, and that the doctrine enunciated therein has full applicability to the instant case, irrespective of the endorsement.
An instrument is payable to bearer when it is payable to a person named thereon or bearer, LSA-R.S. 7:9; an instrument if payable to bearer is negotiated by delivery, LSA-R.S. 7:30; an instrument negotiable in its origin continues to be negotiable until it has been restrictively endorsed or discharged by payment or otherwise, LSA-R.S. 7:47.
No restrictive endorsement appears on the note, and in our opinion the note is still payable to bearer as it was in its origin. The Negotiable Instruments Law, Act No. 64 of 1904, § 36, LSA-R.S. 7:36, recites:
"An indorsement is restrictive, which either:
"(1) Prohibits the further negotiation of the instrument; or
*435 "(2) Constitutes the indorsee the agent of the indorser; or
"(3) Vests the title in the indorsee in trust for or to the use of some other person. But the mere absence of words implying power to negotiate does not make an indorsement restrictive."
We are in full accord with appellee's contention that under the circumstances of the case plaintiff is not limited to a reliance upon the endorsement to make out his title and ownership of the note. The note being payable to bearer, ownership passed upon mere delivery, and no authentic evidence of the transfer was necessary in this executory proceeding.
Under LSA-R.S. 7:48, the holder may at any time strike out any endorsement which is not necessary to his title; then, may he not ignore the endorsement entirely, and predicate his title to the note on its delivery to him and his possession thereof?
We have made a careful research of the jurisprudence of other jurisdictions touching upon an issue comparable to that raised in this case, and have been able to find the case of Lane v. Krekle, 22 Iowa 399, which is analogous in some respects to the present controversy. There, suit was brought upon a note payable to a named person or bearer, which came into the possession of the plaintiff through mesne endorsements, the first of which was purportedly that of the named payee acting through an agent. In resisting the suit, defendant urged the defense that the endorsement or transfer of the note in the name of the fictitious payee by an agent did not have the effect of transferring title. The court answered the contention as follows: "The argument is in part inapplicable to the present case, and in part unsound. It is inapplicable because the note is payable to bearer, and hence the title thereto will pass by delivery. The plaintiff is not bound to deduce or claim title to the note through the indorsement appearing thereon. This indorsement has full effect by treating it as intended to secure the liability of the payee as an indorser. It is not to be treated as the mode or medium through which the plaintiff acquired title. Plaintiff may rely for title upon his possession and the delivery to him (of which possession is evidence), and is not bound to be considered as having acquired the property in the note by or through the indorsement thereon. * * *"
For the reasons assigned, the order of seizure and sale issued herein is approved and affirmed. Appellant is cast to pay the costs of this appeal.
Affirmed.
REGAN, Judge (dissenting).
I respectfully dissent.
The only question of law which is posed for our consideration on appeal from an order of executory process issued by the court, a qua, is the sufficiency of authentic evidence to justify the issuance of the writ. The note in question was made payable "to the order of Dutch O'Neal Motors or bearer" and endorsed "Without Recourse, Dutch O'Neal Motors by L. P. Roberts." There is authentic evidence of the execution of the note and the mortgage, but none to show the transfer of the note and its accessory, the mortgage.
Counsel for plaintiff insists that the "promissory note is made payable to the order of Dutch O'Neal Motors or bearer and not to any specific payee" and, therefore, the note is simply bearer paper and no authentic evidence is required to effect its transfer as a prerequisite to the use of executory process. In view of the fact that a payee is specifically named in the note and the named payee's specific endorsement appears on the back of the note without recourse, I entertain much doubt if counsel's statement made in this connection is valid. Quereif you may ignore the named payee and its qualified endorsement in this case, then why observe the rule of authentic evidence which prevails in our jurisprudence in any case?
I am, therefore, of the opinion that when a note is made payable to the order of John Doe or bearer and endorsed without recourse by John Doe, that the transfer must be effected through the medium of authentic evidence as a condition precedent to the invocation of executory process. My conclusion based on the foregoing premise *436 is that the order of seizure and sale issued in the instant case was not supported by the kind of evidence which the law requires. I have taken cognizance of the opinion of the Court of Appeal, Second Circuit, in Nolen v. Davidson's Succession (1939) 190 So. 826. If that case need be distinguished from the instant case, it will be observed in the Nolen case that each of the notes were made payable to "C. V. Palmer or bearer" but they were never endorsed by C. V. Palmer. In the instant case the notes were endorsed by the payee. I am assuming that the author of the Nolen decision was mistaken in describing the notes as being payable "to C. V. Palmer or bearer", they must have been payable "to the order of C. V. Palmer or bearer" otherwise, in my opinion, the decision would be of no value whatsoever.
Remove Articles 732, 733 and 734 of the Code of Practice from my consideration and their effect upon the Negotiable Instrument Law, as the majority opinion apparently has removed them from its consideration, and I would not be authoring this dissent.
Our Supreme Court has, on many occasions, distinguished bearer instruments, which are negotiated by delivery, from order instruments which require both endorsement and delivery for negotiation, and has consistently required the transfer of order instruments to be evidenced by authentic act as a condition to the transferee's use of executory process. The Supreme Court has further held that the Negotiable Instrument Law did not abrogate or modify Articles 732, 733 and 734 of the Code of Practice and the jurisprudence emanating therefrom, which made the use of executory process dependent upon authentic proof of the transfer of the mortgage note. This reasoning is logical by virtue of the fact that the Negotiable Instrument Law is concerned primarily with negotiation and contains no specific provision relative to the foreclosure of mortgages, therefore, the Negotiable Instrument Law does not change the executory process procedure which is established by the Code of Practice.
Public Welfare, in the final analysis, is the supreme law and in recognition of this fundamental concept the Supreme Court of this State has consistently required strict observance of the authentic evidence requirement as a condition precedent to the invocation of executory process, and the decisions emanating from that court contain innumerable statements to the effect that every muniment of title and every link of evidence must be in authentic form. The reason is sound because in seizure and sale the judge who signs the order can consider nothing in pais, and consequently, the defendant has no opportunity to inquire into the validity of the transfer.