207 So.2d 180 (1968)
Emile CATALANOTTO
v.
ASSOCIATES DISCOUNT.
No. 7226.
Court of Appeal of Louisiana, First Circuit.
January 29, 1968.
Rehearing Denied March 4, 1968.
Writ Refused April 19, 1968.
*181 Charles B. W. Palmer, of Palmer & Palmer, Amite, for appellant.
Robert A. Hawthorne, of Sanders, Miller, Downing & Kean, Baton Rouge, for appellee.
Before LANDRY, REID and BAILES, JJ.
LANDRY, Judge.
This appeal by plaintiff, Emile Catalanotto, is from the judgment of the trial court dismissing appellant's demand against defendant, Associates Discount Corporation (Associates) for damages for alleged wrongful seizure of plaintiff's automobile *182 via executory process, pursuant to defendant's exception of no cause of action. We find the trial court properly resolved the legal issues herein presented for resolution.
It is settled jurisprudence that an exception of no cause of action addresses itself to the legal sufficiency of plaintiff's petition and the exhibits thereto attached and is therefore triable on the face of the papers. Joyce v. Brothers Realty Co., La. App., 127 So.2d 756. Equally well established is the principle that in determining the validity of an exception of no cause of action, all well pleaded allegations of plaintiff's petition must be accepted as true. Call v. Huffman, La.App., 163 So.2d 397.
Narration of certain undisputed background information is essential to a proper understanding of the questions of law presented upon this appeal. On December 16, 1962, appellant bought an automobile from Robinson Bros., Inc., pursuant to which appellant executed a chattel mortgage and promissory note securing payment of the unpaid portion of the agreed purchase price. The note and chattel mortgage were executed under private signature and signed by appellant and a named representative of the aforesaid vendor. In addition, the face of the chattel mortgage bears the signatures of W. H. Robinson and Mabel Maloy, as witnesses. Said mortgage and note (which appear in evidence) contain all the usual clauses necessary to support a foreclosure by executory proceedings including, inter alia, confession of judgment and waiver of notice and demand. On the date of its execution, the chattel mortgage was duly acknowledged by the witness W. H. Robinson before a notary public who also paraphed the note. Said acknowledgment attests that the chattel mortgage was executed by the contracting parties in the presence of the attesting witness, Robinson, as well as the other witness whose signature appears thereon as such. It is conceded the chattel mortgage and note in question were subsequently transferred to Associates under circumstances rendering said transferee a holder in due course. It is further admitted appellant became delinquent in payment of the monthly installments provided for and Associates instituted executory proceedings pursuant to which an order of seizure was issued. Appellant resisted the executory proceedings by applying therein for injunctive relief to arrest the seizure because the foreclosing creditor failed to support his right to executory process by furnishing sufficient authenticated evidence of the indebtedness sued upon. Before appellant's petition for injunctive relief was heard, Associates dismissed its suit for executory process upon agreement with appellant whereby appellant paid the balance allegedly due with full reservation of appellant's right to sue for damages for the reputed illegal seizure of his said property.
The entire proceedings in Associates' foreclosure suit are incorporated as part of appellant's petition and appear of record herein.
Appellant rightly contends that inasmuch as executory process is a harsh remedy, all rules governing such actions must be strictly observed under penalty of nullity of the proceedings. LSA-C.C.P. Article 2635; Tapp v. Guaranty Finance Company, Inc., La.App., 158 So.2d 228.
Appellant's original petition in this present matter alleges, in general terms, defendant's failure to comply with the provisions of LSA-C.C.P. Article 2635 by neglecting to furnish authentic proof of defendant's right to executory process. Alternatively, appellant avers certain evidence (without specifying same), submitted as authentic, was not in fact authentic in that it does not meet the test of authenticity set forth in LSA-C.C.P. Article 2636(5).
To plaintiff's said petition defendant filed exceptions of vagueness and no cause of action. Subsequently plaintiff amended and supplemented his original demand reiterating the contention the documents relied upon were not properly authenticated.
*183 Plaintiff additionally alleged that neither the note, nor the endorsement thereon pursuant to which defendant acquired the paper in question, were duly authenticated.
In substance LSA-C.C.P. Article 2635 provides that a seizing creditor proceeding by executory process shall submit authentic evidence of the note, bond or instrument sued upon, including an authentic copy of the mortgage or privilege containing a confession of judgment. Additionally, such a creditor shall produce authenticated proof of any judgment, order or act necessary to complete proof of his right to proceed executorily.
LSA-C.C.P. Article 2636 sets forth what documents shall be deemed authentic for executory process purposes. Those enumerated therein include notes, bonds or instruments paraphed by a notary public before whom executed, certified copies of authentic acts or of any judgment, judicial letters or court orders, and all other documentary evidence recognized by law as authentic.
Our jurisprudence establishes that the note and chattel mortgage sued upon in an executory proceeding must be authentic in form or duty authenticated as provided by law. Tapp v. Guaranty Finance Company, Inc., La.App., 158 So.2d 228, and cases therein cited.
As we understand appellant's contentions, he first maintains the seizure was unlawful in that the chattel mortgage and note were not authentically executed (that is, before a notary and two witnesses), neither were they acts under private signature duly authenticated as provided by law. In answering appellant's first said argument, it is not pretended the acts are notarial documents. Appellant's second argument appears based on the proposition that one of the purported witnesses to the mortgage, namely, Mabel Maloy, did not in fact witness said document. On this premise, we understand appellant to argue that since only one person witnessed the act under private signature, said document is not susceptible to acknowledgment by the sole signatory witness. Consequently, according to counsel, the chattel mortgage relied upon by defendant does not constitute an act under private signature duly acknowledged and therefore recognized as authentic in conformity with the requirement of LSA-C.C.P. Article 2636(5). On this ground it is argued that defendant improperly provoked the executory proceeding without submitting authentic proof of its privilege.
Appellant's remaining contention is that the endorsement, pursuant to which Associates acquired the note in question, was not authenticated.
We find no merit in the contention the note and mortgage were not properly authenticated.
To constitute a valid and binding obligation as between the parties, an act under private signature need not necessarily bear the signatures of witnesses other than the contracting parties.
LSA-C.C. Article 2240 stipulates that all acts may be executed under private signature except such as are expressly required by law to be executed before a notary public. As between the parties to an act, no law requires that an act under private signature be attested by witnesses, even an act purporting to transfer real property. Reeves v. Southern Kraft Corporation, La.App., 1 So.2d 824.
The authentic act is full proof of its contents insofar as concerns the contracting parties, their heirs and assigns, unless proved a forgery. LSA-C.C. Article 2236.
An act under private signature, acknowledged by the party against whom it is adduced, or legally held to be acknowledged, has the same effect as an authentic act. LSA-C.C. Article 2242.
*184 With respect to foreclosure by executory process of a mortgage covering a motor vehicle, LSA-R.S. 32:710(K) provides as follows:
"All laws and rules and all remedies and processes, including executory process under confessions of judgment as well as proceedings via ordinaria, now or hereafter made available to creditors for the protection or enforcement of their rights under mortgages affecting immovables are available to creditors of obligations secured by mortgages affecting vehicles, whether evidenced by authentic acts or by acts under private signature duly acknowledged."
From the foregoing, it is clear that holders of privileges upon motor vehicles may proceed via executiva in the foreclosure of their mortgages either upon authentic documents or instruments under private signature duly acknowledged according to law.
In this regard we note that LSA-R.S. 13:3720, as amended by Act 470 of 1952, provides in effect that any act under private signature purporting to be attested by two or more witnesses shall, when accompanied by the acknowledging affidavit of one of the parties or one or more of the attesting witnesses, be deemed taken and accepted, prima facie, and without further proof, as being true and genuine and received and accepted by the courts of this state without further proof. The final paragraph of the statute as amended by the 1952 act, makes it clear the legislature intended the authentic effect thusly produced by retroactive in nature.
Assuming the verity of appellant's allegation that one of the witnesses who purportedly signed the chattel mortgage in question did not in fact witness its execution, nevertheless it is clear from the face of the record the documents are acknowledged in full compliance with the terms of LSA-R.S. 13:3720. It is conceded the witness Robinson (who acknowledged the mortgage before a notary) was in fact a witness to the confection of the contract. It is likewise admitted he acknowledged the agreement before a notary which circumstances is patent on the face of this record. In such event, it is immaterial whether the remaining witness actually signed the act under private signature. The acknowledgment by Robinson suffices in the premises. It follows that the record affirmatively reflects the chattel mortgage and note sued upon are properly authenticated documents within the meaning of the term as utilized in LSA-C.C.P. Articles 2635 and 2636.
Appellant's contention executory process did not lie because the endorsement on the note in question was not authenticated is likewise without merit. We observe that the note sued upon by defendant was made payable to "bearer" and endorsed by one M. G. Robinson "without recourse." Being payable to bearer the note was therefore negotiable by delivery and remained so until restrictively endorsed or paid. LSA-R.S. 7:47. Such an instrument needs no authentication of its endorsement to serve as the basis for an executory proceeding. It has long been the law of this state that a note payable to bearer remains negotiable by delivery until restrictively endorsed or paid and until the occurrence of either such eventuality, endorsements appearing thereon need not be authenticated to serve as the foundation for a foreclosure by executory proceedings. General Contract Purchase Corp. v. Doyle, La.App., 56 So.2d 432; Nolen v. Davidson's Succession, La.App., 190 So. 826.
An endorsement "without recourse" is not a restrictive endorsement; rather it is a "qualified endorsement" which merely limits the liability of the endorser. Such an endorsement does not affect the bearer status or quality of a note initially payable to bearer. LSA-R.S. 7:38.
*185 Tapp v. Guaranty Finance Company, Inc., La.App., 158 So.2d 228, is factually inapposite. In the cited case the note was initially payable to a designated payee. In turn, the payee endorsed to the order of a named transferee which holder then instituted executory proceedings thereon against the debtor. The court therein held such an endorsement must be evidenced authentically to serve as the basis for a proper executory proceeding. Such is not the instant case as we are herein dealing with bearer paper requiring no endorsement. See General Contract Purchase Corp. v. Doyle and Nolen v. Davidson's Succession, supra.
For the reasons hereinabove set forth, the judgment of the trial court is affirmed at appellant's cost.
Affirmed.