225 So.2d 717 (1969)
FORD MOTOR CREDIT COMPANY, Plaintiff-Appellee,
v.
T. S. WILLIAMS, Defendant-Appellant.
No. 7756.
Court of Appeal of Louisiana, First Circuit.
July 2, 1969.
Rehearing Denied August 28, 1969.
*718 Patsy Jo McDowell, Baton Rouge, for appellant.
Taylor, Porter, Brooks, Fuller & Phillips, by William A. Norfolk, Baton Rouge, for appellee.
Before LOTTINGER, ELLIS and BAILES, JJ.
BAILES, Judge.
This is an appeal from the judgment of the trial court denying the defendant injunctive relief enjoining foreclosure proceedings by executory process.
Plaintiff, Ford Motor Credit Company, filed suit to foreclose by executory process a chattel mortgage executed by defendant, T. S. Williams, to secure a note made by him. The note represented the balance due on the purchase price of a new automobile and was made payable to Bearer or Richards Ford, Inc., the dealer who sold defendant the car. Plaintiff alleged that it was holder and owner of the note in due course and for valuable consideration. After the court ordered the car seized and sold, defendant petitioned for an injunction against the sale. The petition was based on an alleged failure of consideration due to a redhibitory defect in the auto and on an allegation that the evidence on which the seizure was ordered was not sufficient to sustain executory process. Appropriate restraining orders were issued and other pleadings, unnecessary to detail here, were ruled on. The matter was heard, the petition for injunction was dismissed and plaintiff was permitted to proceed in the matter for executory process. This appeal by defendant followed.
On August 17, 1966, defendant purchased from Richards Ford, Inc., a new English Ford Cortina. A portion of the purchase price was financed. Defendant signed a note in the sum of $2,724.48, and a chattel mortgage on the auto to secure the note. The note was made payable to Bearer or Richards Ford, Inc., and was paraphed for identification with the chattel mortgage. The mortgage was executed under private signature and, on its face, was apparently duly acknowledged before a notary public. On August 23, 1966, plaintiff purchased the note from the dealer for $1,956.12. The note was endorsed by an agent of Richards Ford without recourse.
Defendant took delivery of the car and several days later began having mechanical difficulties with it. Despite persistent effort he was unable to get the car serviced or repaired under the warranty. After tendering two payments on his note under protest, defendant made no further payments and the suit and this appeal resulted.
*719 Appellant assigns as error the finding of the trial court that plaintiff was a holder of the note in due course and therefore not subject to the defense of redhibitory defect and, secondly, that the instruments sued on were sufficient to sustain an executory proceeding.
The first contention is that plaintiff was not a holder in due course because the close connection between plaintiff and Richards Ford precluded creation of such status, LSA-R.S. 7:52, in which case the redhibitory defect in the automobile sold to defendant would extinguish, at least partially, defendant's obligation on the note, thereby allowing arrest of the seizure and sale. LSA-C.C.P. Article 2751. A connection between these two corporations sufficient to bring this case within the rule of C. I. T. Corp. v. Emmons, La.App., 197 So. 662, or International Harvester Co. v. Carruth, La.App., 23 So.2d 473, was not proved. Our Negotiable Instruments Law requires that a holder have actual knowledge of a defect creating a defense to preclude his claim as holder in due course. White System of New Orleans v. Hall, 219 La. 440, 53 So.2d 227. No proof of actual knowledge on the part of plaintiff of a defect in the automobile sold to defendant was proved.
A secondary thrust of this contention centered around the fact that under a wholesale of "floor plan" financing arrangement, Ford Motor Credit Company is invested with title to automobiles so financed to the dealer and the dealer possesses them merely as trustee. However, the record conclusively shows that defendant's automobile was not financed by Richards Ford under this plan. Title to the vehicle was transferred directly from Ford Motor Company to Richards Ford without the intervention of plaintiff in the chain of title.
The fact that some cars sold by Richards Ford were financed under the wholesale plan or that other arrangements were made between the dealer and Ford Motor Credit Company when defendant's purchase was financed are not sufficient connection to impute any knowledge of a defect to plaintiff much less to sustain a finding of actual knowledge. Nor was there proof of a connection between the dealer and the plaintiff sufficient to constitute bad faith on the part of Ford Motor Credit Company. The record shows that plaintiff purchased defendant's note under the conditions set out in LSA-R.S. 7:52 and therefore is not subject to the defenses or equities existing between defendant and his vendor. The refusal of the trial court to grant an injunction on this basis was correct.
For his second contention appellant argues that the plaintiff failed to produce sufficient authentic evidence to sustain executory process. In this vein he argues that the transfer of defendant's note to plaintiff by Richards Ford was not in authentic form. The contention is that "every muniment of title and every link of evidence must be in authentic form" to support foreclosure by executory process. While the cited rule of Miller, Lyon and Co. v. Cappel, 36 La.Ann. 264, is leading law in the case of order notes, it is also settled that a note payable to bearer, and not restrictively endorsed or paid, is transferred by mere delivery and authentic evidence of this transfer is not necessary to foreclosure by executory process. General Contract Purchase Corporation v. Doyle, La.App., 56 So. 2d 432; Catalanotto v. Associates Discount, La.App., 207 So.2d 180. The transfer of the note to plaintiff "* * * without recourse against the seller except as otherwise provided by the terms of the Ford Motor Credit Company Retail Plan in effect * * *" amounted only to a qualified endorsement and in no way impaired the bearer quality of the note. LSA-R.S. 7:38. Plaintiff was not, therefore, required to produce authentic evidence of the transfer of defendant's bearer note to it in order to maintain executory proceedings.
*720 However, we find that this second argument, as it relates to the chattel mortgage, has merit. LSA-C.C.P. Article 2635 requires that to prove a right to use executory process a plaintiff must produce, among other things, "(2) The authentic act of mortgage or privilege importing a confession of judgment." It is, of course, established that a mortgage on a motor vehicle executed under private signature and duly acknowledged, while not in authentic form, is enforceable by executory proceedings. Commercial Credit Corporation v. White, La.App., 166 So.2d 743; Catalanotto v. Associates Discount, supra. The method for acknowledging an act under private signature is provided in LSA-R.S. 13:3720. In accordance with that statute, the mortgage herein purports to be acknowledged by affidavit of one who signed the instrument as a witness to its execution.
Defendant testified that the chattel mortgage sued on was not executed by him in the presence of any witnesses. This testimony was corroborated by the Richards Ford salesman who sold defendant the car. He testified that only he and defendant were present when the mortgage was signed. The record therefore conclusively proves that the chattel mortgage could not have been "duly acknowledged". As such it is not a properly authenticated document within the meaning of the term as used in LSA-C.C.P. Article 2635. Inasmuch as the plaintiff did not produce the proper evidence to prove his right to foreclose defendant's mortgage by executory process the defendant is entitled to an injunction enjoining plaintiff from proceeding further in the matter by executory process.
For the foregoing reasons the judgment of the trial court is reversed insofar as it dismissed defendant T. S. Williams' petition for injunction and permitted plaintiff Ford Motor Credit Company to proceed in this matter by executory process. Judgment is rendered herein in favor of T. S. Williams and against Ford Motor Credit Company and the Sheriff of East Feliciana Parish permanently enjoining them from proceeding with the foreclosure proceeding by executory process. In all other aspects the demands of defendant, T. S. Williams, are denied. All court costs to be paid by Ford Motor Credit Company.
Affirmed in part, reversed in part and rendered.