BLANCHE, Judge.
This is a devolutive appeal perfected by defendant-reconvener, Carl A. Spring (hereinafter referred to as “Spring”), from a deficiency judgment rendered in favor of plaintiff, Universal C. I. T. Credit Corporation (hereinafter referred to as “Universal C. I. T.” , and from judgment dismissing Spring’s reconventional demand.
On December 1, 1964, Universal C. I. T. filed suit against Spring for seizure and sale of a motor vehicle under executory process, seeking judgment for the accelerated principal balance of $1,173.69, with eight percent per annum interest thereon from maturity together with twenty-five percent attorney’s fees and all court costs, *74 attaching to the petition a note purportedly executed by Carl A. Spring on July 11, 1964, in the principal amount of $1,341.36 made payable to “Universal C I T or bearer or order,” which note was paraphed “Ne Varietur” for identification with act of sale and mortgage of even date. To the petition was also attached the act of sale and chattel mortgage again purportedly executed by Carl A. Spring in favor of Bob Williamson Motors, Inc., as seller-mortgagee, which chattel mortgage was duly acknowledged before a Notary Public by a subscribing witness thereto. Pursuant to an order for executory process, the Sheriff of Tangipahoa Parish seized the vehicle under a writ of seizure and sale, and in due course sold the vehicle to plaintiff with benefit of appraisement. Universal C. I. T. thereafter on March 14, 1966, filed a supplemental petition for a deficiency judgment against Spring subject to a credit in the sum of $435 realized from the Sheriff’s sale of the mortgaged property. Spring answered both petitions denying the validity of the executory proceeding and sale thereunder and reconvened for damages for the alleged illegal seizure and sale of his vehicle, asserting that the documents sued on were not in authentic form nor was the assignment of the note in authentic form. To the reconventional demand Universal C. I. T. filed peremptory exceptions of no cause of action and no right of action, contending that Spring’s sole remedy was to have enjoined the seizure and sale or to have taken a sus-pensive appeal from the order directing the issuance of the writ of seizure and sale as provided in Louisiana Code of Civil Procedure Article 2642. The trial court referred these exceptions to the merits, after which Universal C. I. T. answered the reconventional demand denying the allegations thereof and pleading its status as a holder in due course. Judgment was rendered, read and signed in favor of Universal C. I. T. and against Spring in the amount sued for together with interest, attorney’s fees and all court costs, subject to the credit of $435, and dismissing the reconventional demand. A motion for new trial was filed by Spring which was denied. From this judgment Spring appealed.
The essence of Spring’s complaint is that the executory proceeding was null and void for the reason that there is a variance between the note and the chattel mortgage and that the executory proceeding was not supported by the requisite authentic evidence. Spring contends that inasmuch as the promissory note signed by him was made payable to Universal C. I. T., whereas the chattel mortgage was granted by him in favor of Bob Williamson Motors, Inc., this constitutes a variance between the promissory note and the chattel mortgage such as to render null the executory proceeding. Spring further contends that Universal C. I. T. failed to furnish authentic evidence of its rights as assignee, with the result that the executory proceeding brought by Universal C. I. T. was null and void, and with the further result that the seizure and sale of Spring’s motor vehicle pursuant to the invalid executory proceeding constituted an illegal seizure entitling Spring to recover damages against Universal C. I. T. under his reconven-tional demand.
Universal C. I. T. answers Spring’s con•tentions by first stating that Spring is precluded from attacking the executory proceedings by virtue of his not having sought to enjoin the seizure and sale or having perfected a suspensive appeal from the order directing issuance of the writ of seizure and sale as provided by Louisiana Code of Civil Procedure Article 2642.[1] Universal *75 C. I. T. states that its peremptory exceptions should for this reason have been sustained and the reconventional demand dismissed.
We do not agree with the position taken by Universal C. I. T. in this respect. Article 2642 is directory and states that defenses and procedural objections to an executory proceeding may be asserted either by means of an injunction or a suspensive appeal. The failure of the defendant to use one of these methods would not, in our opinion, prohibit him in a proper case from filing a separate action to question the validity of executory proceedings. Our jurisdiction has sanctioned the questioning of the validity of executory proceedings by means of a separate suit or action. See Viley v. Wall, 154 La. 221, 97 So. 409 (1923); Doherty v. Randazzo, 128 So.2d 669 (La.App. 4th Cir. 1961); Tapp v. Guaranty Finance Company, 158 So.2d 228 (La.App. 1st Cir. 1963), writ refused, 245 La. 641, 160 So.2d 228. The amount of the deficiency for which plaintiff seeks the judgment is entirely dependent on the executory proceedings wherein the security was sold and the proceeds therefrom were credited to the writ.[2] Thus, in a suit for a deficiency judgment the defendant should be able to show that the executory proceedings were a nullity for failure to strictly comply with the letter of the law. See Tapp v. Guaranty Finance Company, cited supra, citing therein cases holding that where there is a discrepancy between the note sought to be collected and the note described in the mortgage, this discrepancy is fatal to executory process.
With regard to the merits of Spring’s contentions, Universal C. I. T. asserts that the note executed by Spring constitutes bearer paper, with the result that it is transferable merely by delivery and with the further result that no act of assignment was necessary from Bob Williamson Motors, Inc., to Universal C. I. T. in order to entitle Universal C. I. T. to bring these executory proceedings and to seek a deficiency judgment. We agree with Universal C. I. T. in this regard and accordingly affirm the judgment of the District Court.
As previously stated the note executed by Spring is made payable to “Universal C I T or bearer or order.” In General Contract Purchase Corporation v. Doyle, 56 So.2d 432 (La.App. Orl.Cir. 1952), the appellate court was faced with a similar attack on an executory proceeding wherein the note executed by the defendant was made payable to the order of Dutch O’Neal Motors or bearer. In upholding the validity of the executory proceedings, the appellate court made the following pertinent comments:
“Appellee’s counsel contends that notwithstanding that the note in question is payable to Dutch O’Neal Motors or bearer, it is, under the provisions of the law, payable to bearer and transferable by delivery, and that the endorsement is surplusage and should be ignored by the court, and no authentic evidence as to the verity of the endorsement of Dutch O’Neal Motors was necessary. In support of his position that plaintiff, irrespective of the endorsement, is entitled to proceed by way of executory process against the mortgaged automobile, counsel points to the case of Nolen v. Davidson’s Succession, supra [La.App., 190 So. 827]. In that case the notes, which were payable to C. V. Palmer or bearer, and paraphed ‘Ne Varietur’ to identify them with the acts of mortgage, contained no endorsement, and the defense was that the issuance of the order of seizure and sale under executory process was not supported by authentic evidence exclusively. It was specifically urged that the district court did not have before it, when the writ issued, au *76 thentic evidence of a transfer of the notes. In maintaining the writ of seizure and sale, the court said: ‘ * * * As the notes in question were payable to bearer, they were negotiable by mere delivery. No endorsement thereof was needed. Furthermore, they were accurately and fully described in the acts of security, which acts were executed in favor of any future holder of the notes, imported confessions of judgment, and were authentic in form. When the notes, or the principal obligations, were transferred by the delivery, the securities, which were accessories thereto, followed them. The required authentic evidence was present and, in our opinion, plaintiff was entitled to resort to executory process.’
“Realizing the effect of Nolen v. Davidson’s Succession, appellant’s counsel verbally argue that whereas the note is endorsed by Dutch O’Neal Motors the plaintiff acquired title to the note only by virtue of that endorsement, which made it encumbent upon plaintiff to produce authentic proof showing the transfer of the note. Counsel attempt to distinguish the present case from the Nolen case, wherein the notes bore no endorsement.
“We believe that the holding in Nolen v. Davidson’s Succession is sound, and that the doctrine enunciated therein has full applicability to the instant case, irrespective of the endorsement.
“An instrument is payable to bearer when it is payable to a person named thereon or bearer, LSA-R.S. 7:9; an instrument if payable to bearer is negotiated by delivery, LSA-R.S. 7:30; an instrument negotiable in its origin continues to be negotiable until it has been restrictively endorsed or discharged by payment or otherwise, LSA-R.S. 7:47.
“No restrictive endorsement appears on the note, and in our opinion the note is still payable to bearer as it was in its origin. The Negotiable Instruments Law, Act No. 64 of 1904, § 36, LSA-R.S. 7:36, recites:
“ ‘An indorsement is restrictive, which either:
‘“(1) Prohibits the further negotiation of the instrument; or
“‘(2) Constitutes the indorsee the agent of the indorser; or
“ '(3) Vests the title in the indorsee in trust for or to the use of some other person. But the mere absence of words implying power to negotiate does not make an indorsement restrictive.’
“We are in full accord with appellee’s contention that under the circumstances of the case plaintiff is not limited to a reliance upon the endorsement to make out his title and ownership of the note. The note being payable to bearer, ownership passed upon mere delivery, and no authentic evidence of the transfer was necessary in this executory proceeding.” General Contract Purchase Corporation v. Doyle, 56 So.2d 432, 434, 435 (La.App. Orl.Cir. 1952) (Emphasis added)
See also to the same effect this Court’s decision in Catalanotto v. Associates Discount, 207 So.2d 180 (La.App. 1st Cir. 1968), writ refused, 252 La. 105, 209 So. 2d 38, certiorari denied, 393 U.S. 989, 89 S.Ct. 472, 21 L.Ed.2d 452.
The cases cited by Spring such as Tapp v. Guaranty Finance Company, 158 So.2d 228 (La.App. 1st Cir. 1963), writ refused, 245 La. 641, 160 So.2d 228, and related cases are therefore inapposite to the situation presented in the instant case. Inasmuch as the note sued upon and admittedly executed by Spring is properly classified as bearer paper, Universal C. I. T. as the holder and bearer thereof could properly institute the executory proceeding and enforce the principal obligation which had been delivered to it by the seller of the vehicle and likewise enforce via executiva the accessory obligation represented by the chattel mortgage which followed the prin *77 cipal obligation, General Contract Purchase Corporation v. Doyle, cited supra. The executory proceeding and seizure and sale being valid, Universal C. I. T. could and did properly proceed against Spring for a deficiency judgment, the sale having been with appraisement, Louisiana Code of Civil Procedure Article 2771.
For the foregoing reasons, the judgment appealed from is affirmed, with all costs assessed to the appellant, Carl A. Spring.
Judgment affirmed.

. Paragraph 1 of Louisiana Code of Civil Procedure Article 2642 reads as follows:
“Defenses and procedural objections to an executory proceeding may be asserted either through an injunction proceeding to arrest the seizure and sale as provided in Articles 2751 through 2754, or a suspensive appeal from the order directing the issuance of the writ of seizure and sale, or both.”

. Paragraph 1, plaintiffs petition, is as follows:
“That the property mortgaged herein was seized and sold with appraisement, after complying with formalities of law * * (Emphasis, the Court’s)