286 So.2d 513 (1973)
G. E. McLENDON, Sr., and (G. E. McLendon, Jr., et al., Substitute Plaintiffs), Plaintiffs-Appellees,
v.
William O. BREWSTER, Defendant-Appellant.
No. 12139.
Court of Appeal of Louisiana, Second Circuit.
October 10, 1973.
Rehearing Denied, November 13, 1973.
Writ Refused January 25, 1974.
*514 Ford E. Stinson, Benton, for defendant-appellant.
Gamm, Greenberg & Kaplan, by Jack H. Kaplan, Shreveport, for plaintiffs-appellees.
Before AYRES, BOLIN and PRICE, JJ.
Rehearing Denied, En Banc. November 13, 1973.
BOLIN, Judge.
This appeal is from a judgment refusing to enjoin plaintiffs from proceeding by executory process to foreclose on a $30,000 note and mortgage signed by defendant and containing a confession of judgment.
William O. Brewster, defendant, executed the note in 1956, secured by a mortgage on six specified tracts of real estate and drawn to the order of "future holder". Brewster paid the original note of $30,000 but later pledged it several times as collateral. In October 1967 it was pledged to G. E. McLendon, Sr., as collateral security for a $13,000 hand note. Failure of defendant to pay the $13,000 indebtedness precipitated this foreclosure proceeding in April of 1970. In November 1972, following the death of Mr. McLendon, Sr., Mrs. McLendon and G. E. McLendon, Jr., were substituted as plaintiffs.
Numerous pleadings, motions, continuances, enrollment and withdrawal of various counsel and exceptions were filed and ruled on prior to trial of the issues. Additionally, Mrs. Thelma M. Lindsey and Bossier Land & Development, Inc., filed petitions of intervention alleging they were *515 judgment creditors whose judgments had been obtained and recorded prior to the date the collateral mortgage note was reissued to McLendon. Intervenors obtained court orders directing the sheriff to hold the proceeds of any judicial sale of the property described in plaintiffs' original petition, subject to further orders of the court.
On March 13, 1973 defendant filed a petition to enjoin the seizure and sale, alleging that Louisiana Code of Civil Procedure Articles 2638 and 2639, which govern executory process, are unconstitutional as violative of the due process clause of the Fourteenth Amendment to the United States Constitution; that the debt secured by the mortgage was extinguished by payment and therefore legally unenforceable; that plaintiffs are not the owners but merely the pledgees of the mortgage note sought to be enforced and without right to institute executory proceedings.
The trial court proceeded by rule to hear the injunction proceedings and held the cited articles of the Code of Civil Procedure to be constitutional; that the defendant failed to prove the debt had been extinguished; and further that the note and mortgage were properly enforceable by the use of executory process. From denial of the injunction defendant filed an appeal and plaintiffs have filed a motion to dismiss the appeal in this court. Bases for the motion to dismiss the appeal are:
1. The subject matter of the appeal is now moot since the sale was held following denial of the injunction.
2. An appeal cannot be taken by a party who confessed judgment in the proceedings in the trial court. (La. C.C.P. Art. 2085)
3. Defenses and procedural objections to an executory proceeding may only be asserted in the manner provided by La.C.C.P. Article 2642.
Since the issues raised by the motion to dismiss have been merged with and reiterated in plaintiffs' appellate brief and, since we find no error in the judgment of the lower court, we choose not to consider the motion to dismiss.
Appellant urges three issues on appeal, viz., extinguishment of the debt, non-ownership of the note for purpose of executory process, and unconstitutionality of Louisiana Code of Civil Procedure Articles 2638 and 2639. We shall consider the above issues in reverse order.

CONSTITUTIONALITY OF EXECUTORY PROCESS
The Louisiana Code of Civil Procedure articles cited supra provide:
Article 2638.
"If the plaintiff is entitled thereto, the court shall order the issuance of a writ of seizure and sale commanding the sheriff to seize and sell the property affected by the mortgage or privilege, as prayed for and according to law."
Article 2639.
"Before issuing the writ of seizure and sale, the clerk shall issue a demand upon the defendant for payment of the amount due and all costs of court. This demand shall notify the defendant that, in default of payment within three days of service, exclusive of holidays, a writ of seizure and sale will be issued and the property described in the petition will be seized and sold according to law.
"The demand for payment need not be issued if it has been waived by the debtor in the act of mortgage or privilege; and in such event, the clerk shall issue the writ of seizure and sale immediately."
The claim of unconstitutionality is based on the recent decision of the United States Supreme Court in Fuentes v. Shevin, 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972) holding Pennsylvania and Florida replevin statutes unconstitutional on the ground the debtor had neither notice nor *516 opportunity to be heard prior to seizure. That decision has been reviewed by the Louisiana Supreme Court in Buckner v. Carmack, La., 272 So.2d 326 (1973), in which the constitutionality of Louisiana Code of Civil Procedure Articles 326, 2293, 2331, 2631, 2635, 2638, 2639, 2642, 2721, 2722, 2724, 2753, 3610 and form 1605 were challenged. After a thorough exploration of the Louisiana codal articles and comparative analysis with those statutes found to be unconstitutional by the United States Supreme Court in Fuentes, our Supreme Court found that Articles 2638 and 2639, quoted supra, as well as the other articles under attack, were not violative of the United States Constitution.
According to the majority opinion in Buckner, the Louisiana executory procedure is distinguishable from the procedures reprobated in Fuentes in that the statutes and coal articles governing executory process give adequate protection to the rights of the debtor.
There were two dissenting opinions in Buckner and the case is presently pending before the United States Supreme Court, but until such time as we have a contrary decision we are constrained to follow Buckner and declare that the Louisiana executory process is not unconstitutional.

EXTINGUISHMENT
Regarding the issue of extinguishment, appellant has cited and reviewed a considerable body of law relative to the purpose and manner of using collateral mortgage notes, all of which we accept as a proper statement of the jurisprudence. However, nothing in appellant's brief supports his position that the note and mortgage have been extinguished. While it is admitted the note was paid at one time, the record establishes the $30,000 note was reissued in October of 1967 at which time the mortgage was revived. The note upon which the present suit was based is made payable to "future holder" and is paraphed "Ne Varietur" with the act of mortgage securing the notes.
Louisiana jurisprudence recognizes three classes of conventional mortgages: (1) a mortgage for a specific debt, (2) a mortgage for future advances, and (3) a collateral mortgage.
The three enumerated types were analyzed in Thrift Funds Canal, Inc. v. Foy, 261 La. 573, 260 So.2d 628 (1972) as having certain distinguishing features. A mortgage for a specific debt is a mortgage given to secure a particular, existing debt and when the principal debt is extinguished the mortgage disappears. A mortgage for future advances is a mortgage given to secure a debt not yet in existence. (See La. C.C. Arts. 3292, 3293) A collateral mortgage is a mortgage designed not to directly secure an existing debt, but to secure a mortgage note pledged as collateral security for a debt or a succession of debts. The collateral mortgage is usually drawn in favor of future holders, represented by a nominal mortgagee. For convenience in pledging, the companion promissory note is usually payable to bearer on demand and the maker may reissue the note from time to time. (See Louisiana Revised Statutes 7:9 and Thrift Funds, supra).
In discussing Odom v. Cherokee Homes, Inc., 165 So.2d 855 (La.App.1st Cir. 1964), the writer of a well-documented law review case note stated:
"On the other hand, where the mortgagor anticipates his future borrowing may be from different persons he may choose to draw his security in the form of a collateral mortgage, a creature of practice which has been sanctioned by the jurisprudence. Usually, the mortgage is drawn in favor of future holders and recorded in the name of a nominal mortgagee. The note identified with the mortgage may then be pledged as collateral security for obligations and though the obligation be extinguished and the mortgage note returned to the maker, the *517 existence of the mortgage remains unaffected. Subsequently, contrary to the result of a similar transaction based upon the ordinary conventional mortgage, the mortgagor is free to reissue the mortgage note as security for other obligations. * * *."
See 25 La.L.Rev. 789, 792-793.
From these definitions we find the Brewster note falls into the category of a collateral mortgage note and as such was not extinguished even though the obligation for which it was originally given was paid.

OWNERSHIP FOR PURPOSE OF EXECUTORY PROCESS
We find the collateral mortgage note, which is the subject of this litigation, was validly reissued by the defendant and pledged to McLendon on October 6, 1967. Since the mortgage note involved was payable to "future holder" and endorsed in blank by the maker, the law considers it as being payable to bearer and transferable by mere delivery. (La.R.S. 7:9, 30 and 191).
In the course of the opinion in First National Bank of Lafayette v. Gaddis, 250 So.2d 504 (La.App.3d Cir. 1971), the court stated:
"* * * Our law is settled that a promissory note payable to bearer and secured by a mortgage, may be transferred by mere delivery, and authentic evidence of the endorsement or transfer of the note is not necessary to enable the holder to foreclose by executory process. Ford Motor Credit Co. v. Williams, 225 So.2d 717 (La.App. 1 Cir. 1969); General Contract Purchase Corp. v. Doyle, 56 So.2d 432 (La.App.Orl.Cir.1952); Catalanotto v. Associates Discount, 207 So. 2d 180 (La.App. 1 Cir. 1968).
"The transfer or delivery of a `bearer' note to a pledgee is the only formality required for the pledge of such a note. The pledgee of a bearer note, therefore, becomes the holder of that note when it is delivered to him, and he may enforce payment of it as can any other holder. Baker Bank & Trust Co. v. Behrnes, 217 So.2d 461 (La.App. 1 Cir. 1968)."
From the foregoing we find the contention that present plaintiffs were not the "owners" of the note is irrelevant and as pledgees-holders they were correctly allowed to pursue collection of the indebtedness by executory process.
Since neither of the intervenors is present before the court in this appeal we express no opinion as to their status.
For the reasons assigned the judgment of the lower court is affirmed at defendant's cost.