No. ——

First Circuit

ADVANCE RUMLEY THRESHER CO., INC., v. SHOVE

(Jan. 5, 1928.   Opinion and Decree.)

*(Syllabus by the Editor)*

1. **Louisiana Digest—Executory Process—Par. 40.**

A certificate of the clerk, "A true copy of the original" refers to the original act and is sufficient in law to authorize the issuance of executory process.

2. **Louisiana Digest—Executory Process—Par. 40; Pleading—Par. 18.**

The Pleading and Practice Act No. 27 of 1926, amending previous acts, does not apply to executory process issued under Articles 732 and 734 of the Code of Practice.   Therefore, verification is not necessary.

3. **Louisiana Digest—Executory Process—Par. 45.**

Where authentic mortgage and notes provide for maturity of both notes where first is due and unpaid, executory process can properly be issued on both notes where the first note is due and unpaid.

4. **Louisiana Digest—Executory Process—Par. 39; Bills and Notes—Par. 207.**

In a suit by executory process on a promissory note payable at a certain place, it is not necessary to allege that payment was demanded at that place.

Appeal from Fifteenth Judicial District Court, Parish of Jefferson Davis.   Hon. ————, Judge.

Action by Advance Rumley Thresher Co., Inc., against G. H. Shove.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

W. J. Carmouche, of Crowley, attorney for plaintiff, appellee.

Miller & Miller, of Jennings, and Chappuis & Chappuis, of Crowley, attorneys for defendant, appellant.

ELLIOTT, J.   Advance Rumley Thresher Co., Inc., holder of two promissory notes, executed and signed by G. H. Shove in payment of certain machinery, in authentic form, proceeded by executory process, to have the mortgaged property seized and sold to pay the amount due.

The petition was filed July 5th, 1927. The petition alleges that the note for $700.00 sued on, was payable on November 15th, 1926, and that the other one for $1000.00 was payable on November 15th, 1927, but that the notes and the chattel mortgage contained an agreement, whereby the maker's failure to pay the first note at maturity, authorized the holder of the other one, to declare it due, and to issue executory process thereon, and have the property mortgaged, sold for the purpose of paying both notes.

That the defendant had failed to pay the first note at maturity and that it was the holder of both notes.

The petition further alleges that said notes and a certified copy of the act of mortgage was thereto annexed for reference.

The order granting the executory process was signed by the Chief Deputy Clerk of Court.

The defendant appealed from the order granting the process, on the ground that it had been granted contrary to the law and the evidence.

Defendant urges in his petition for appeal and in his brief, that it appears on the face of the alleged copy of the act of

mortgage, that it is not a certified copy. There is no certificate to that effect on the bottom of the act on the inside, where certificates of that kind are usually found but there appears written across the folded paper on the outside and underneath the certificate of registry, and as part of same, the following: "A true copy of the original," signed by Deputy Clerk. The certificate of registry and the certificate "A true copy of the original," appear as one certificate.

The defendant contends that this certificate does not refer to the original act of mortgage, which is said to have secured the notes sued on, but to the registry which was made of the act, and that therefore the process issued without authentic evidence.

We conclude that the certificate, "A true copy of the original" refers to the original act and that it is sufficient in law to authorize the process.

The defendant contends that it appears on the face of the petition that it is not properly verified as required by law, Act 27 of 1926, known as the Pleading Act. The Pleading Act has reference to and provides for the ordinary proceedings comprised in Part 11, Title 1, of the Code of Practice. See Arts. 98, 124 and 146. The Pleading Act contemplates petitions on which citations must issue, in which exceptions and interventions may be filed, in which an answer is required, witnesses may be summoned, and parties may be called in warranty, etc. It does not contemplate nor provide for Executory Process, Code of Practice Arts. 732 and 734, which is summary in character, in which judgment is confessed, and in which no exception, answer, intervention nor call in warranty may be filed.

The Code of Practice does not require that petitions in executory process be sworn to. The question of verification, therefore, does not require a ruling, because it was not necessary to verify the petition. Defendant contends that the suit as to the note for $1000.00 is premature, because it was not payable until November 15th, 1927.

The notes sued on and the authentic contract whereby they were secured, provides that failure to pay the first note at maturity should mature the other note, authorize executory process thereon, and the seizure and sale of the mortgaged property to pay both, notes. The process can not, therefore, be set aside on that account.

Defendant further contends that the notes are payable at "Jennings National Bank," and that the petition does not aver that payment was demanded there and that this failure renders the process invalid.

It has been decided that in a suit on a promissory note payable at a certain place, it is not necessary to allege that payment was demanded at that place. La. Digest, Vol. 1, Subject, Bills and Notes, p. 986, Section 207, and Mitchell vs. D'Armond, 30 La. Ann. 396.

The order is legal. The executory process was properly issued thereon.

The plaintiff contends that the appeal is frivolous. It is not frivolous.

Judgment affirmed.