106 So.2d 518

## MACK MOTOR TRUCK CORPORATION

v.

### Richard COCO.

No. 44026.

Nov. 10, 1958.

Reed, Reed & Reed, Floyd J. Reed, New Orleans, Benjamin C. Bennett, Jr., Marksville, for appellant.

Eugene N. Scallan, Edwin L. Lafargue, Marksville, for appellee.

McCALEB, Justice.

■ This is a proceeding in rem for executory process in which plaintiff is foreclosing two mortgages it holds on five Mack trucks sold to the defendant, Coco. Following the seizure and sale of the trucks and the issuance of an order for the sheriff to execute a bill of sale to plaintiff as the last and highest bidder, Coco and the sheriff interposed an exception of no cause of action directed against the entire proceeding. This exception was sustained by the judge and plaintiff's suit dismissed at its costs. Wherefore this appeal.

The salient facts of the case are these: On August 24, 1955, Coco, conformably with a prior agreement, purchased a Mack Diesel Truck Model B63SX by authentic act on terms of credit and executed his promissory note for the price in the principal sum of $11,431.80, secured by a vendor's and mortgage privilege in favor of plaintiff, which note was payable in installments and contained the usual acceleration clause as to default. On September 23, 1955, Coco, having previously entered into another agreement, acquired four Mack gasoline trucks, Model B42SX, by authentic act on terms of credit, executing his promissory note for $31,901.40 and granting unto plaintiff a vendor's and mortgage privilege for the payment of the balance due on the purchase price, the note being payable in monthly installments and containing an acceleration clause like the previous note.

Coco failed to maintain the monthly payments due on each note and, on August 14, 1956, plaintiff instituted this proceeding foreclosing on both mortgages, a single order being issued for the seizure and sale of the five trucks without appraisement. After execution of the writ of seizure by the sheriff, a controversy arose respecting Coco's removal of certain accessories allegedly belonging to the trucks prior to the institution of the proceeding. Plaintiff was unsuccessful in its attempt to establish that these accessories were covered by the mortgages and subsequently it filed a motion to change the sale from one without appraisement to one with appraisement, which would have the effect of permitting it to recover any deficiency against Coco in the event the proceeds of the sale of the trucks were insufficient to satisfy his indebtedness.

On September 18, 1956, Coco filed a separate suit against plaintiff to enjoin the sale of the trucks on the ground of fraud and misrepresentation by plaintiff's agent as to their sound qualities, also praying that the sales be rescinded for redhibitory vices and that plaintiff be compelled to pay him

$23,202.36. It was alleged in this suit that Coco was entitled to an injunction without bond under the provisions of Article 739 of the Code of Practice. A temporary restraining order issued immediately and, later, a preliminary injunction was granted on Coco's supporting verification before trial on the merits. However, following a hearing, the judge vacated the injunction and rejected the demand for a rescission of the sale, holding that, while the defects complained of by Coco did not warrant this relief, the purchase price should be reduced to an amount equal to the payments which Coco had previously made to plaintiff plus the net amount to be realized from the contemplated sheriff's sale of the trucks in the foreclosure proceeding. Plaintiff prosecuted a devolutive appeal from this judgment and that phase of the case was consolidated for hearing in this Court with the appeal we are presently considering. That matter is this day disposed of by our opinion in Docket No. 44,027, 235 La. 1095, 106 So.2d 691.

After the dismissal of Coco's injunction suit, the trucks were advertised and sold by the sheriff in accordance with the order of executory process. The sale was conducted on November 20, 1957, each truck being offered singly for sale. The highest bids were made by plaintiff, the sheriff stating in each instance "Sold to Mack Trucks". While the parties were repairing to the sheriff's office following the completion of the auction, Coco, who was present at the sale and made no objection thereto, stated "Them trucks ain't sold yet". He declared that the sheriff was supposed to offer the trucks singly and then en masse and that the highest amount of the two methods of offering would be accepted. Upon hearing this objection, the sheriff refused plaintiff's tender of the money representing the cost of the sale to the adjudicatee and declared that the trucks would be offered in globo the next day. Plaintiff objected to this method being adopted but its protest was denied, the sheriff taking the position that a dual offering was in accord with the prevailing local custom. On the following day, November 21, 1957, the trucks were offered for sale en masse, being sold to Coco, who was the highest bidder at this sale.

On November 27, 1957, plaintiff ruled the sheriff to show cause why he should not be commanded to deliver title to it as the last and highest bidder at the sale. The sheriff resisted the rule on the ground that he had conducted the sale in accordance with the practice obtaining in Avoyelles Parish and Coco filed an intervention therein, urging the same defense and requesting that he be recognized as the legal adjudicatee at the second auction. Following a hearing, on December 17, 1957, the judge rendered an opinion rejecting the position of the sheriff and Coco and ordering the former to execute the act of sale in favor of plaintiff.

Notwithstanding this, later in the day the sheriff and Coco filed pleadings entitled "Exceptions", in which it was alleged that the executory proceeding was null and void for the reason that plaintiff had combined the foreclosure of two distinct chattel mortgages in one order for executory process with only one writ of seizure and sale, it being contended that plaintiff had thereby caused the property secured by the initial mortgage to be subjected to the confession of judgment in the subsequent mortgage and vice versa. As aforesaid, this exception was maintained, the judge dismissing the executory proceeding at plaintiff's costs.

Plaintiff contends, among other things on this appeal, that the judge erred in his ruling as a peremptory exception has no pertinence to proceedings via executiva, its function and responsiveness being restricted to ordinary or summary matters in which relief is granted or denied only after a hearing. Additionally, it is asserted that the order of dismissal is a nullity as it purports to set aside a judicial sale that has already taken place.

These points are well taken. It is elementary in our law that executory proceedings are not actions which fall within the purview of our Pleading and Practice Act (R.S. 13:3601); they are merely orders issued ex parte under acts importing a confession of judgment, operating strictly in rem, in which no exception, answer, intervention nor call in warranty may be filed. Folger v. Roos, 40 La. Ann. 602, 4 So. 457 and Advance Rumley Thresher Co. v. Shove, 7 La.App. 472. It is well settled that the only procedure available for arresting executory proceedings is injunction and suspensive appeal. If it is claimed that there was not sufficient authentic evidence before the judge to authorize the issuance of the writ, a suspensive appeal may be taken from the order of seizure and sale, it being recognized, however, that the remedy of injunction is also available to arrest the sale even though the defect in the executory proceeding is patent on the face of the record. See General Motors Acceptance Corp. v. Anzelmo, 222 La. 1019, 64 So.2d 417 and cases there cited. But, when the grounds for arresting the process are not disclosed on the face of the proceedings, the only remedy is by injunction. Articles 738, 739, Code of Practice; Dowling v. Gally, 30 La.Ann. 328; Hackemuller v. Figueroa, 125 La. 307, 51 So. 207; Franek v. Brewster, 141 La. 1031, 76 So. 187; T. Hofman-Olsen, Inc. v. Northern Lumber Mfg. Co., 160 La. 839, 107 So. 593 and comment 17 Tul.L.Rev. 630 and authorities there cited.

Coco did not pursue either of these procedural modes in his attack on the order of seizure and sale. He could have appealed suspensively from the original order as the alleged defect in cumulating the foreclosure

of two mortgages under one order of seizure and sale was apparent on the face of the record. See Franek v. Brewster, supra. Or he might have applied for an injunction without bond, provided his application for arresting the sale was based on one of the grounds listed in Article 739 of the Code of Practice, or he might have sought an injunction by furnishing bond in case the grounds for arresting the seizure were not covered by Article 739, as in the case of T. Hofman-Olsen, Inc. v. Northern Lumber Mfg. Co., supra, an authority relied on by Coco's counsel in support of the exception of no cause of action.

But, instead of employing any of these remedies, Coco was apparently content to permit the foreclosure of the mortgages to be consummated by one order of seizure and sale. His action for an injunction to arrest the sale was grounded solely on a claim for rescission of the contracts, for which the notes and confessions of judgment were given, by reason of an alleged misrepresentation and fraud of plaintiff's agent. Actually, even after the judicial sale, Coco's complaint was that the trucks were sold separately, his contention being that they should have also been auctioned en masse. It was not until the advent of the ruling adverse to this contention, on plaintiff's application for a writ of mandamus against the sheriff, that Coco and the sheriff completely changed their position and claimed, under the exception of no cause of action, that the entire proceeding was null.

Since we find that the trial judge erred in sustaining the peremptory exception, there remains only to determine the validity of the sale to plaintiff.

█  That the sheriff's sale of November 20, 1957, in which the trucks were offered separately at auction, conformed with the advertisement and the law cannot be seriously disputed. This is the usual method of conducting judicial sales involving separate objects which applies even to the sale of parcels of land to effect a partition. See Succession of Fertel v. Fertel, 226 La. 307, 76 So.2d 377. Indeed, it would appear that, in the absence of an order based upon a showing by a defendant that a sale en masse would be to his best advantage, there is no legal basis for a departure from this method of offering and selling separate items of property in judicial sales.

For the foregoing reasons, the judgment appealed from is reversed and the peremptory exceptions of F. O. Didier, Jr., Sheriff of the Parish of Avoyelles, and Richard Coco are declared to be improper and without legal effect. It is now ordered that there be judgment herein in favor of Mack Motor Truck Corporation and against the said F. O. Didier, Jr., Sheriff of the Parish of Avoyelles, making peremptory the writ of mandamus issued herein on November 29, 1957, commanding said sheriff to pass acts of sale in favor of Mack Motor Truck Cor-

poration and deliver to the latter, in accordance with Articles 691 et seq. of the Code of Practice, the following described property, upon the said Mack Motor Truck Corporation paying the costs of seizure due through November 20, 1957.

> One B63SX Mack Truck, No. 1461
> One B42SX7219 Mack Truck
> One B42SX7220 Mack Truck
> One B42SX7221 Mack Truck
> One B42SX7222 Mack Truck

The costs of this appeal are to be paid by defendant, Richard Coco.

PONDER, J., absent.