209 So.2d 38

**Emile CATALANOTTO**

v.

**ASSOCIATES DISCOUNT CORPORATION.**

No. 49169.

April 19, 1968.

SANDERS, J., is of the opinion a writ should be granted.

SUMMERS, J., is of the opinion the writ should be granted, dissents from the refusal to grant writs and will assign reasons.

SUMMERS, Justice (dissenting from the refusal to grant writs).

In this case defendant sought and obtained an order of executory process based upon a sale and chattel mortgage purporting to be signed by two witnesses and duly acknowledged before a notary public by one of the witnesses. Plaintiff sought an injunction to arrest the seizure and sale, alleging that the sale and chattel mortgage was not actually authentic because one of the witnesses had not signed in the presence of the mortgagor at the time of the confection of the sale and mortgage. To this petition for injunction, defendant filed an exception of no cause of action which was maintained and approved on appeal. See La.App., 207 So.2d 180. In my opinion it was error to do so, and the application for writs herein should have been granted.

An exception of no cause of action addresses itself to the legal sufficiency of plaintiff's petition and the exhibits thereto attached and is, therefore, triable on the face of the papers. Johnston v. City of New Orleans, 234 La. 697, 101 So.2d 206 (1958). In determining the validity of an exception of no cause of action, all well-pleaded allegations of plaintiff's petition must be accepted as true, and, if a cause of action can be shown by any evidence admissible under the allegations of plaintiff's petition, the exception must be overruled. Elliott v. Dupuy, 242 La. 173, 135 So.2d 54 (1961); Kinard v. City of Jennings, 184 So.2d 570 (La.App. 1966). Plaintiff's allegation that the sale and chattel mortgage was not signed by one of the two witnesses when the purchaser or mortgagor signed must, therefore, be taken as true.

Although the act in question purports on its face to be authenticated (signed by two witnesses and acknowledged by one of the

witnesses before a notary public), the allegation that one of the witnesses did not in fact sign in the presence of the mortgagor, if accepted as true, destroys the authentic character of the chattel mortgage for the purposes of the exception of no cause of action, for it is not—as it must be—signed in the presence of two witnesses. Signing by the debtor before two witnesses is essential to the authentic character of a chattel mortgage purporting to grant the right to executory process whether the act be truly authentic, i. e., executed in the presence of a notary public and two witnesses, or executed as a private act and subsequently acknowledged before a notary public. La.R.S. 13:-3720; La.Civil Code art. 2234; La.Civil Code art. 2242; La.R.S. 9:5363; La.R.S. 32:710(K).

In keeping with the foregoing conclusion, it is noted that the debtor is not required to furnish security for the issuance of a temporary restraining order or preliminary injunction to arrest a seizure and sale, where injunctive relief is applied for on the ground that the order directing the issuance of the writ of seizure and sale was rendered when "the evidence submitted was not actually authentic." La.Code Civ.P. art. 2753 (5). In my view, the quoted language of Article 2753(5) of the Code of Civil Procedure means that although the act authorizing executory process may purport to be authentic, the debtor may enjoin executory process if he can establish that the act is not "actually authentic." The act is not "actually authentic" if it is not "actually" signed in the presence of two witnesses.

"A proceeding by which a person's property is summarily seized and sold without citation is one of great severity; and it appears axiomatic that to justify the order of seizure and sale every muniment of title, and every link of evidence must be in authentic form." Note, 14 La. L.Rev. 289, 292 (1953).

I respectfully dissent.