LOTTINGER, Judge.
The plaintiff herein brought this suit for declaratory and injunctive relief to prevent the defendant herein from foreclosing on her property, consisting of two lots, one 30 feet wide and the other 35 feet wide by 100 feet, with improvements, by executory process, in the amount of $4,984.65 with 8% per annum interest from March 23, 1971, until paid, together with attorney’s fees in the amount of 25% of both principal and interest and all costs of court, and likewise asked for permission to initiate and prosecute this suit in forma pauperis, under the provisions of Articles 5181-5188 of the Louisiana Code of Civil Procedure. Attached to this petition was an affidavit of the plaintiff herein as well as a third person to the effect that the plaintiff is unable to pay the cost of these proceedings in advance or as they accrue, or to furnish security therefor. A hearing was held on June 22, 1971 on the pauper question and the Lower Court denied the application.
As a result of this denial, the plaintiff applied to this Court for writs. On June 30, 1971, an alternative Writ of Mandamus, Certiorari and Prohibition was issued, commanding the Lower Court to permit Relatrix to proceed in forma pauperis only insofar as the prepayment of costs are concerned. Relatrix was not to be relieved of any requirement to post bond for damages relative to the issuance of a restraining order, preliminary injunction or sus- *746 pensive appeal or in the alternative, said Judge and the respondents, A Second Mortgage Company of Baton Rouge, Inc., to show cause in this court by briefs on or before July 13, 1971, why the writ should not be made peremptory and should said Judge elect the alternative, it was ordered that a writ issue herein directing said Judge to transmit to this Court a copy of the record of the proceedings complained of by the relator herein, so that the validity of the proceedings may be ascertained. The return date of this writ was extended to August 16, 1971. The Judge of the Lower Court elected the alternative and has refused to sign the order permitting the plaintiff or relatrix to proceed in forma pauperis and has answered said writ justifying its holding. No briefs have been filed on behalf of plaintiff or defendants.
The transcript of the pauper hearing shows that the plaintiff or relatrix, herein, has been a widow since 1924. She receives $59.00 per month Social Security, $70.00 per month Welfare or Old Age Assistance, and $13.00 per month from her sister, or a total of $142.00 per month. She has living with her two (2) grandsons and a sister. It is not clear from the transcript whether her two grandsons and her sister receive any revenue and what amount. She pays $5.00 a week for family insurance for herself, her sister and grandsons. She was paying $50.00 per month on her mortgage note which is being foreclosed and besides this the rest of the $142.00 per month she receives is spent to provide food and necessities for the household. The Lower Court in its answer to said writ contends that the relatrix lives in one of the two houses free of rent and has been collecting $45.00 rent on the other home. The transcript of the hearing furnished this Court is absolutely devoid of any such information. She owns property which is heavily mortgaged as indicated above, and in this period of history with inflation going higher each month, we are of the opinion that the Lower Court abused its discretion in denying the application to proceed in forma pauperis.
The statutory privilege to proceed in forma pauperis is to be interpreted liberally in favor of giving indigent persons their day in court. Hollier v. Broussard, La.App., 220 So.2d 175.
For the above and foregoing reasons, the writ previously issued herein is hereby made peremptory.
Writ made peremptory.